1
2
3
4
5
6
7
8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10   MICHELLE REYES,                 ) Case No. CV 25-4121-JPR
                                     )
11                   Plaintiff,      )
                                     )
12              v.                   ) ORDER DISMISSING ACTION FOR
                                     ) FAILURE TO RESPOND TO COURT
13   STARBUCKS CORP. et al.,         ) ORDERS AND FAILURE TO PROSECUTE
                                     )
14                   Defendants.     )
                                     )
15   _____)

16       Plaintiff, who is represented by counsel, filed this lawsuit
17   alleging negligence and diversity jurisdiction on May 7, 2025.  A
18   few days later the Clerk issued a Notice of Deficiencies, noting
19   that Plaintiff had not filed a notice of interested parties,
20   instructing her to do so immediately, and warning her that
21   failure to comply could result in adverse consequences.  [Doc. #
22   4.]  Moreover, under Federal Rule of Civil Procedure 4(m),
23   Plaintiff was required to serve the Complaint and Summons on
24   Defendants by no later than August 5 and file proof of service.
25   See also Fed. R. Civ. P. 4(l)(1) (requiring proof of service by
26   affidavit).  Under new Local Rule 4-6, proof of service must be
27   filed "within 14 days of service of the summons and complaint or
28   receipt of a notice and acknowledgment of service."  Thus, the

                                     1

proof of service was due at the latest on August 19.

On August 20, because Plaintiff had not filed any proof of service or a notice of interested parties, nor had Defendants appeared in any way, the Magistrate Judge, to whom this case was assigned for all purposes upon filing under Local Rule 73-2, issued an Order to Show Cause re Dismissal.  She warned that if Plaintiff did not respond within seven days, "this lawsuit w[ould] likely be dismissed without prejudice." [Doc. # 5.]  To date Plaintiff has not responded.  As a result, the Magistrate Judge referred the matter to this Court to decide whether it should be dismissed.  See C.D. Gen. Order 25-04 ¶ 5.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a lawsuit for failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted).  Unreasonable delay creates a "rebuttable presumption of prejudice" to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

2

Here, the first, second, third, and fifth <u>Carey</u> factors favor dismissal.  Because Plaintiff has ceased communicating with the Court, it cannot manage its docket.  And because she has not responded to the Order to Show Cause, she has not rebutted the presumption of prejudice to Defendants.  Because of the Court's inability to communicate with Plaintiff, no less drastic sanction exists.  And the Court cannot simply leave this case hanging on its docket in the hope that Plaintiff one day reappears.  Although the fourth <u>Carey</u> factor weighs against dismissal — as it does in every case — together, the other factors outweigh the public's interest in disposing of the case on its merits.  <u>See, e.g.</u>, <u>Bryson v. Exec. Off. U.S. Att'ys</u>, 646 F. App'x 493, 494 (9th Cir. 2016) (affirming dismissal for failure to respond to court order when Plaintiff did not respond to order to show cause); <u>Strick v. Pitts</u>, 584 F. App'x 436, 436 (9th Cir. 2014) (affirming dismissal for failure to prosecute when, among other things, Plaintiff did not respond to order to show cause).

It therefore is ORDERED that this action is dismissed without prejudice under the Court's inherent power to dismiss cases for failure to prosecute and because Plaintiff has not responded to the Court's Notice of Deficiencies or its Order to Show Cause.


DATED: September 4, 2025

DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE


Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge

3